# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHADWICK VILLAMOR,

    Defendant.

Case No. 2:12-cr-00129-LDG (CWH)

**ORDER**

THIS MATTER CAME BEFORE THE COURT on the Defendant's Motion for Reconsideration (#19) of the Court's Decision (#18) to Continue Trial, which decision granted the government's Motion to Continue (#17).

Findings of Fact and Conclusions of Law

1. At the time of the government's motion to continue, counsel for the United States was in trial in *United States v. Sapse et al*, 2:10-cr-00370-KJD -RJJ, which is a complex case that commenced on November 5, 2012. The trial concluded on the same date on which the Court heard arguments on Defendant's Motion for Reconsideration.

2. Prior to the calendar call scheduled for November 13, 2012, and based on correspondence between counsel, counsel for the United States was under the

| | |
|---|---|
| 1 | impression that the defendant was amenable to a brief continuance. Counsel did not |
| 2 | become aware that the defendant would not agree to a continuance until calendar |
| 3 | call on November 13, 2012. |

3. Counsel for the United States is also scheduled to begin trial on January 8, 2013, in *United States v. Mathur*, 2:11-CR-00312-MMD-PAL. This matter has been continued several times at the request of the defendant and Judge Du has indicated that this is a firm trial setting.

3. The government moved to continue the trial.

4. The additional time requested by the government in its motion to continue was not sought for purposes of delay. The ends of justice served by granting a continuance outweighed the best interest of the public and the defendant in a speedy trial because the failure to grant a continuance would have denied the government continuity of counsel and deny government counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

5. The Court granted the motion and continued the trial date to January 28, 2013.

6. On November 27, 2012, the Defendant moved for reconsideration of the Court's decision continuing the trial to January 28, 2013. On November 28, 2012, the Court heard arguments on defendant's motion for reconsideration and granted the motion to the extent, but only to the extent, that trial in this matter was reset for December 10, 2012.

7. In granting the motion to reconsider the decision to continue the trial, the Court did not disturb its previous determination that, for the ends of justice, the additional time necessitated by the continuance of the trial (permitting the government continuity of counsel, and providing counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence) is excludable in computing the time within which the trial must commence under the Speedy Trial

Act, Title 18 United States Code, Section 3161(h)(7)(a), considering the factors under Title 18 United States Code, Section 3161(h)(7)(B)(iv).

8. The Court again finds and concludes that the additional time necessitated by the continuance of the trial to the reset date of December 10, 2012, which additional time will permit the government continuity of counsel, and will provide counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, is excludable in computing the time within which the trial must commence under the Speedy Trial Act, Title 18 United States Code, Section 3161(h)(7)(a), considering the factors under Title 18 United States Code, Section 3161(h)(7)(B)(iv).

THEREFORE, THE COURT **ORDERS** that the time from November 20, 2012, until December 10, 2012, is excluded in computing the time within which the trial must commence under the Speedy Trial Act.

DATED this 29 day of November, 2012.

_____
Lloyd D. George
United States District Judge